Anton Ewing (NOT AN ATTORNEY)
3077 B Clairemont Drive #372
San Diego, CA 92117

Plaintiff In *Pro Per*

FILED
Oct 08 2020
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY s/ jillr DEPUTY

**THE UNITED STATES FEDERAL DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Anton Ewing,<br><br>Plaintiff,<br><br>vs.<br><br>Lendvisor, LLC, a New York limited liability company;<br>Michael Huczek, an individual,<br><br>Defendants. | Civil Case No. '20CV1986 BAS BGS<br><br>**COMPLAINT**<br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C §227 (b)]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br>3. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 (c)]<br>4. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]<br>5. VIOLATION OF CALIFORNIA INVASION OF PRIVANCY ACT [PC §632.7 §637.2]<br><br>JURY TRIAL REQUESTED |

Plaintiff Anton Ewing ("Plaintiff"), an individual, alleges the following upon information and belief based upon personal knowledge:

## I. NATURE OF THE CASE

1. On or about June 1, 2020, the Southern District of California Federal District Court modified, amended and otherwise changed Civil Local Rule 83.4 to read as what is now Local Rule 2.1.

2. In Local Rule 2.1 it states: "We-- judges, lawyers, court staff, parties—all have a responsibility in ensuring that we preserve the legacy of this institution by conducting ourselves according to the Golden Rule—to treat others as we ourselves would like to be treated."

3. The federal judges of the Southern District stated in LR 2.1 that "[a]lthough adversarial, the experience does not have to, and should not, be antagonistic or hostile." Plaintiff hopes that defendant's attorney will not engage in behavior that brings discredit to the Bar and the courts.

4. Importantly, the federal judges of the Southern District went on to say, at LR 2.1(a)(1), that "[c]ivility is paramount and not to be confused with weakness. Civility in action and words is fundamental to the effective and efficient functioning of our system of justice and public confidence in that system."

5. Moreover, the federal judges of the Southern District went even further to say, in LR 2.1, that "[n]o one is above the law and, equally important, no one is entitled to act in such a way that erodes the public's trust in the administration of justice."

6. The federal judges of the Southern District stated, at LR 2.1, that "[t]his court is committed to ensuring that all who work within it and come before it treat each other with decency, dignity, and respect."

7. At LR 2.1(a)(3) the federal judges of the Southern District stated "[w]e expect lawyers to treat adverse witnesses, litigants and opposing counsel with courtesy, fairness and respect."

8. Plaintiff is hopeful that "the court expects that all who practice in this court will adhere to this Code of Conduct in all of their interactions within the courts of this judicial district, in order to nurture, rather than tarnish, the practice of law."

9. Defendant Huczek called Ewing back again on 10/5/2020 after Ewing informed Defendant that he was going to be sued and Huckzek[1] asked the following question: **"Did you like getting fucked up the ass while you were in jail? You look like a weasel."**

10. Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Lendvisor, LLC, a New York limited liability company ("LENDVISOR") and its owner, officer, sole shareholder and director, Michael Huczek ("Huczek"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone and landline home phones in violation of the Telephone Consumer Protection Act, 47. U.S.C. § 227 et seq. ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy. Further, Defendants each violated California's Invasion of Privacy Act (CIPA) by illegally recording the telemarketing calls they made to Plaintiff without disclosing that such calls were being recorded by Defendants, all in violation of PC §637.2 and PC §632.7. This case involves more than one call in violation of the TCPA and CIPA.

11. Lendvisor, LLC is also doing business as Rothman Financial Group and uses rothfg.com.

---

[1] Plaintiff recommends additional court security present when dealing with defendant.

12. Lendvisor, LLC is the agent of Michael Huczek because Huczek has directed and controlled said entity, including the criminal acts violating 47 USC §501.

13. Throughout the below listed paragraphs in this lawsuit, where the word “Defendants” is used and employed, it shall be and is intended to include Defendant Michael Huczek as an individual as well as in his capacity as the sole owner and officer of Lendvisor, LLC and Defendant Lendvisor, LLC, as the alter ego of Huczek. Lendvisor, LLC is both the alter ego of Michael Huczek and the agent of Huczek.

14. Defendants are spam texters. Plaintiff expressly informed Defendants to stop texting him. Then Defendant texted again, and again. Each time Plaintiff told Defendants to stop.

15. Plaintiff received the following calls to Plaintiff's cellular telephone of 619-719-9640 from Defendants or from Defendant's hired and controlled agents at the specific direction of Defendant LENDVISOR:

a. Called form 619-824-1869 at 7:09 AM on 10/5/2020 to 619-719-9640
b. Called from 347-607-9513 at 11:45 AM on 10/5/2020 to 619-719-9640
c. Called from 347-605-8126 at 11:04 AM on 10/5/2020 to 619-719-9640
d. Called from 516-336-3090 at 11:04 AM on 10/5/2020 to 619-719-9640
e. Text message from 347-605-8136 at 7:14 AM on 10/5/2020 to 619-719-9640.
f. Text message from 347-605-8136 at 7:18 AM on 10/5/2020 to 619-719-9640.

On each of the above listed calls, the telemarketing agents of Defendants stated that they were calling from LENDVISOR and attempting to sell Plaintiff a loan.

16. Defendants called prior to 8:00 AM which is a violation of the law. The initial call came in a 7:09AM on 10/5/2020 from 619-824-1869.

17. Defendants used the following numbers to call Plaintiff:

a. 619-824-1869
b. 347-607-9513
c. 516-336-3090
d. 347-605-8136

18. Defendant Huczek ordered and overtly directed his third party telemarketing agents that he hired and paid to robocall Plaintiff. Huczek knew he was using or directing the use of an ATDS and directed his telemarketing agents to use and employ an automatic telephone dialer (specifically a Vicidial dialer) to call Plaintiff repeatedly.

19. Defendants have purposefully directed their activities into California by calling Plaintiff's 619 area code and by employing a web page that is able to be viewed California.

## II. JURISDICTION & VENUE

20. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of California, seeks relief from the United States Federal District Court, Southern District of California. For each TCPA subsection (b and c), Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when all calls are added up, exceeds the threshold required for federal court jurisdiction.

21. The Court has ancillary jurisdiction, in its discretion, over the attendant state

law claims, including but not limited to California's Penal Code §637.2, *et seq*. and Civil Code §1770(a)(22)(A).

22. This Court also has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

23. This Court has personal jurisdiction over Defendants Lendvisor, LLC and Michael Huczek because a substantial part of the wrongful acts alleged in this Complaint were committed in California and because LENDVISOR has significant contacts and assets in California. For example, Lendvisor, LLC and Huczek made illegal telemarketing robocalls to Mr. Ewing, with area code 619, while he was in California. Lendvisor, LLC and Huczek have also subjected themselves to personal jurisdiction in California because they are running and abetting said criminal operation. See 47 USC §501. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).

24. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b) and because Defendants do business within the State of California and Plaintiff resides within the County of San Diego.

25. Defendants have purposefully directed their activities into California and have thus enjoyed the benefits and protections of California law.

26. The Ninth Circuit employs a three-part test to determine whether the defendant's contacts with the forum state are sufficient to subject it to specific jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). Under the three-part inquiry, specific jurisdiction exists only if: (1) the out-of-state defendant purposefully availed itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws; (2) the cause of action arose out of the defendant's forum-related activities and (3) the exercise of

jurisdiction is reasonable. *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1072 (9th Cir. 2001). The plaintiff bears the burden of satisfying the first two prongs of this specific jurisdiction test. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.*

## III. PARTIES

27. Plaintiff, Anton Ewing. ("Plaintiff"), is an individual and resident in California.

28. Defendant Lendvisor, LLC is a vociferous robo-dialing telemarketer, and is a "person" as defined by 47 U.S.C. § 153 (39).

29. The above named Defendant Lendvisor, LLC, and its subsidiaries and agents, as well as Huczek, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

30. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants. Defendants controlled every aspect of its agent's operations including the scripts to be read on

each call and the fact that Defendant required its agent to record each telemarketing call. Lendvisor, LLC is and was, at all times relevant to this action, a knowingly and intentionally authorized and controlled agent of Michael Huczek.

## IV. FACTUAL ALLEGATIONS

31. On or about October 5, 2020, Defendants contacted Plaintiff on Plaintiff's telephone number ending in -9640, in an attempt to solicit Plaintiff to purchase Defendant's loan services. There was also a very distinct bubble popping sound at the beginning of the call that indicates an ATDS was used to initiate and dial Plaintiff's telephone number that is itself registered on www.donotcall.gov since 2012.

32. Defendant Lendvisor, LLC used a "Vicidial" ATDS system to robodial Plaintiff on Plaintiff's cell phone to sell Plaintiff loan services. LENDVISOR purchased, setup and activated the Vicidial system.

33. Defendants are being sued for violating 47 USC §227(b)(1)(A), 47 USC §227(c)(5), California Civil Code[2] §1770(a)(22)(A) and PC §§632.7 and 637.2.

34. Lendvisor is also known as Rothman Financial.

35. Michael Huczek is an officer of Defendant Lendvisor, LLC

36. Michael Huczek is an owner of Defendant Lendvisor, LLC

37. Lendvisor, LLC does not have a California license to engage in the sale of loans.

38. Lendvisor, LLC is illegally doing business in California.

---

[2] Disseminating an unsolicited prerecorded message by telephone without an unrecorded, natural voice first informing the person answering the telephone of the name of the caller or the organization being represented, and either the address or the telephone number of the caller, and without obtaining the consent of that person to listen to the prerecorded message.

39. Lendvisor, LLC has failed to register as a telemarketer in California with the California Department of Justice.

40. Defendant has failed to obtain a telemarketers bond in California as required by the California Department of Justice.

41. Lendvisor, LLC exerts agency type control over their third party telemarketing lead source.

42. Lendvisor, LLC requires its lead source to ask certain questions of the prospective clients before the lead source can transfer the call to Lendvisor, LLC employees.

43. Lendvisor, LLC began harassing Plaintiff on or about October 5, 2020 at which time Plaintiff expressly told Defendants to stop calling and to send a written copy of its Do Not Call policy. Then Defendants called again and again over two more times. None of the Defendants has sent a written copy of their do not call policy. All calls complained of in this lawsuit are within the four year statute of limitations.

44. Plaintiff did not consent to, nor give permission for, the subsequent calls made by Defendants to Plaintiff.

45. Defendants used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to place its call to Plaintiff seeking to solicit its lending services.

46. Defendants both contacted or attempted to contact Plaintiff from telephone numbers confirmed to be Defendant Michael Huczek's numbers.

47. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

48. During all relevant times, Defendants both did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an automatic telephone dialing system or an artificial or prerecorded voice on its

cellular telephone pursuant to 47 U.S.C.§227(b)(1)(A). At no time did Plaintiff provide, give or grant express written permission to be called nor to be robo-dialed by Defendants or its agents.

49. Further, Plaintiff's cellular telephone number ending in -9640 was added to the National Do-Not-Call Registry on or about February 16, 2012.

50. Defendants placed multiple calls soliciting its business to Plaintiff on his telephone ending in -9640.

51. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

52. Plaintiff received numerous solicitation calls from Defendants within a 12-month period.

53. Defendants continued to call Plaintiff on his telephone number -9640 in an attempt to solicit its services and in violation of the National Do-Not-Call provisions of the TCPA.

54. Plaintiff was harmed by the acts of all defendants in at least the following ways: Defendants illegally contacted Plaintiff via his telephone for solicitation purposes, thereby invading the privacy of Plaintiff whose telephone number was on the National Do-Not-Call Registry. Plaintiff was concretely damaged thereby.

55. Plaintiff is suing as a person that received numerous solicitation calls from Defendants within a 12-month period, who had not granted Defendants prior express consent and did not have an established business relationship with Defendants.

56. Defendants illegally recorded each telemarketing call that it made to Plaintiff in violation of California Penal Codes §632.7 and §637.2. Defendants owe Plaintiff $5,000 for each and every illegally recorded call.

57. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

58. The TCPA makes it unlawful to make telemarketing solicitations to telephone numbers on the National Do Not Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

59. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c). 47 U.S.C. § 227(c)(5).

60. 47 USC §501 provides that it shall be unlawful to violate 47 USC §227(b).

61. The term ATDS[3] as used and mentioned herein is as defined by the TCPA and by the 9th Circuit Court of Appeals in the recent Marks vs. *Crunch San Diego, LLC* case. D.C. No 14-cv-00348 BAS BLM.

## V. STANDING

62. The court must evaluate lack of statutory standing under the Rule 12(b)(6) standard. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). However, because Plaintiff is proceeding pro se, his complaint "must be held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (reaffirming standard for pro se complaints post-*Twombly*). The Ninth Circuit has concluded that the court's treatment of pro se filings after *Twombly* and *Iqbal* remain the same and *pro se* pleadings must continue to be liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); see also *McGowan v. Hulick*, 612 F.3d 636, 640-42 (7th Cir. 2010); *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461-62 (5th Cir. 2010); *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (noting that even following *Twombly* and *Iqbal*, "we remain obligated to construe a pro se complaint

---

[3] "we conclude that the statutory definition of ATDS includes a device that stores telephone numbers to be called, whether or not those numbers have been generated by a random or sequential number generator."

liberally").

63. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

A valid injury in fact;

which is traceable to the conduct of Defendants;

and is likely to be redressed by a favorable judicial decision. See, *Spokeo, Inc. v. Robins*, 578 U.S.____(2016) at 6, and *Lujan v. Defenders of Wildlife*, 504 U.S. 555 at 560. In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

**The "Injury in Fact" Prong**

64. Plaintiff's injury in fact, must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo (*Id.). For an injury to be "concrete," it must be a de facto injury, meaning that it actually exists. In the present case, Plaintiff was called on his phone at least 23 times by all Defendants. In fact, Plaintiff expressly informed all Defendants to cease and desist from all future telemarketing on the very first call. Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff in multiple ways. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). Each Defendant's invasion of Plaintiff's right to privacy is further exacerbated by the fact that Plaintiff's phone number, at all times relevant to this litigation, was on the National Do-Not-Call Registry ( hereinafter, "DNC Registry").

**The "Traceable to the Conduct of Defendant" Prong**

65. The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that their injury is traceable to the conduct of Defendants. In the instant case, this prong is met by the fact that the calls to Plaintiff's cellular phone were placed either by Defendants directly, or by Defendant's agent at the express direction and control of all defendants. See

*Jones v. Royal Admin. Servs., 866 F.3d 1100 (9th Cir. 2017)* ten factor test from the 9th Circuit and Civil code §2307.

**The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong**

66. The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion. In the present case, Plaintiff's Prayers for Relief includes a request for damages for each call made by all defendants, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff. Furthermore, Plaintiff's Prayers for Relief requests injunctive relief to restrain Defendants from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past and prevent further injury in the future. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins*, 578 U.S. ___ (2016), Plaintiff has standing to sue all defendants on the stated claims.

**<u>FIRST CAUSE OF ACTION</u>**

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b).**

67. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-66.

68. The foregoing acts and omissions of all defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

69. As a result of both Defendant's negligent violations of 47 U.S.C. § 227(b),

Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227 (b)(3)(B).

70. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

71. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-66.

72. The foregoing acts and omissions of all defendants, jointly and severally, constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

73. As a result of all Defendant's knowing and/or willful violations of 47 U.S.C. §227(b), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b) )(3)(C).

74. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

75. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-66.

76. The foregoing acts and omissions of all defendants, jointly and severally,

constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227 (c)(5).

77. As a result of all Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

78. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

79. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-66.

80. The foregoing acts and omissions of all defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), in particular 47 U.S.C. § 227 (c)(5).

81. As a result of all Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(c)(5).

82. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## FIFTH CAUSE OF ACTION

**California Invasion of Privacy Act**

**PC §632.7 and PC §6372**

83. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-66.

84. The foregoing acts and omission of all defendants constitute numerous and multiple knowing and/or willful violations of CIPA, including but not limited to each and every one of the above cited provisions of California Penal Code §632, §632.7 and §637.2

85. As a result of all Defendant's knowing and willful violation of CIPA sections PC §632 et seq, including PC §632.7, Defendants both owe Plaintiff $5,000 per call.

86. Plaintiff is also entitled to injunctive relief as expressly provided for within CIPA to prohibit all defendants from illegally recording calls to Plaintiff ever again.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against all defendants for the following:

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of all Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of all Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request treble damages, as provided by statute, up to$1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).
- Any and all other relief that the Court deems just and proper.

## THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. §227(c)**

- As a result of all Defendant's negligent violations of 47 U.S.C. §227(c)(5), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(c)(5).
- Any and all other relief that the Court deems just and proper.

## FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. §227(c)**

- As a result of all Defendant's willful and/or knowing violations of 47 U.S.C. §227(c)(5), Plaintiff is entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(c)(5).
- Any and all other relief that the Court deems just and proper.

## FIFTH CAUSE OF ACTION

**California Invasion of Privacy Act**

**PC §632.7 and PC §6372**

- As a result of all Defendant's wrongful acts, $5,000 per call for each such call that was recorded without consent or disclose of such recording at the

beginning of the calls that Defendants made to Plaintiff.

- Any and all other relief that the Court deems just and proper.

Respectfully submitted this 5th day of October, 2020.

/S/ Anton Ewing

Anton Ewing, Plaintiff

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS124731
Cashier ID: afuller
Transaction Date: 10/08/2020
Payer Name: Anton A. Ewing Trustee

---

CIVIL FILING FEE
For: Anton A. Ewing Trustee
Case/Party: D-CAS-3-20-CV-001986-001
Amount: $400.00

---

CHECK
Check/Money Order Num: 1357
Amt Tendered: $400.00

---

Total Due: $400.00
Total Tendered: $400.00
Change Amt: $0.00

There will be a fee of $53.00
charged for any returned check.